MARVIN POWERS V. THE STATE.

No. 15603.   Delivered February 15, 1933.
Reported in 57 S. W. (2d) 139.

The opinion states the case.

*J. M. Rieger,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

The facts show that a man named Barker found a large quantity of mercury secreted in the pasture of one Mayhall some two miles from where appellant lived.   Barker testified that he informed appellant of the presence of this mercury, and at appellant's suggestion he went with him and showed him where it was hidden.   He further testified that appellant suggested that they take the property and hide it in appellant's pasture, and that at some later time same should be sold and appellant and the others would share in the proceeds.   A witness who was engaged in the junk business, testified that appellant offered to sell him 240 pounds of mercury, for which witness agreed to pay the sum of 75 cents a pound.   Appellant refused to agree to accept payment by check, but in accordance with a further agreement he brought the mercury into the town of Strawn the day following, at which time he was arrested by the officers who were looking for whisky.

There seems sufficient evidence of diligence on the part of the grand jury at the time the matter was brought before them, in trying to find out the owner of said mercury, but, failing in this, the indictment which was returned, under which appellant

was tried, alleged the ownership of same to be unknown. The fact that it was later found out that two gas companies had each lost a quantity of mercury, and that this fact was known at the time of the trial, would not seem to affect the propriety of a prosecution of appellant under an indictment alleging theft of property from an unknown owner. Dawson v. State (Texas Crim. App.), 61 S. W., 489. The above case is discussed in Kuykendall v. State, 117 Texas Crim. Rep., 571, 36 S. W. (2d) 726.

The testimony seems sufficient to justify the conviction. We find in the record no bills of exception.

No error appearing, the judgment will be affirmed.

*Affirmed.*